IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2149-FL

| | | |
|---|---|---|
| SAMUEL GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. RANSOM, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. The matter comes before the court on respondent's motion to dismiss (DE 8) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On June 10, 1991, petitioner, in the Jones County Superior Court, pleaded guilty to second-degree murder, and was sentenced to life imprisonment. (Resp't's Mem. Ex. 1, p. 1). Petitioner subsequently appealed his conviction and sentence. See State v. Griffin, 109 N.C. App. 131, 425 S.E.2d 722 (1993). On February 16, 1993, the North Carolina Court of Appeals vacated petitioner's judgment and remanded the action to the trial court for re-sentencing. See id. at 133, 723. On January 24, 1994, the superior court subsequently re-sentenced petitioner and once again imposed

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

a term of life imprisonment. (Resp't's Mem. Ex. 2, p. 1). Petitioner appealed his new sentence, and the court of appeals found no error. (Id. p. 9). The North Carolina Supreme Court then denied petitioner's petition for discretionary review on July 27, 1995. State v. Griffin, 340 N.C. 570, 460 S.E.2d 325 (1995).

On November 9, 2005, petitioner, through counsel, filed a motion for appropriate relief ("MAR") in the Jones County Superior Court, which was denied on April 20, 2006. (Resp't's Mem. Ex. 2). Petitioner subsequently filed a petition for a writ of certiorari in the court of appeals. (Id.) The court of appeals denied the petition on November 13, 2007. (Id.) Petitioner then filed a second MAR in the Jones County Superior Court on October 28, 2015, which was denied on December 1, 2015. (Id.) On April 7, 2016, petitioner filed a petition for a writ of certiorari in the court of appeals. (Id. Ex. 3). The court of appeals denied the writ on April 26, 2016. (Id. Ex. 5).

On June 16, 2016,[2] petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner asserts the following grounds for relief: his guilty plea was not voluntary; he received ineffective assistance of counsel; his sentence was unauthorized under state law; his aggravating factors were improperly found by the trial judge rather than a jury; his aggravating factors were not alleged in his indictment; and there was a "significant change in the law." (Pet. pp. 3-9).

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated June 16, 2016, but filed on June 24, 2016, to be filed on June 16, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

## DISCUSSION

A. Motion to Dismiss

   1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

   2. Analysis

Respondent argues that petitioner's § 2254 petition is time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

If a prisoner's conviction became final prior to the effective date of AEDPA, the one-year statute of limitations runs from April 24, 1996, AEDPA's effective date. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The running of the limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

In the case at hand, petitioner's conviction became final prior to the effective date of AEDPA. Therefore, absent any tolling, the limitation period expired on April 24, 1997. Petitioner did not have any pending claim for post-conviction relief on the date AEDPA was enacted, nor was any such claim pending between April 24, 1996, and April 24, 1997. Thus, because the statutory period was not tolled, petitioner's statute of limitations expired on April 24, 1997.[3]

---

[3] To the extent petitioner alleges any claims pursuant to the Structured Sentencing Act, the act became effective on October 1, 1994, and applies only to criminal offenses "that occur[red] on or after October 1, 1994." N.C. Gen. Stat. § 15A-1340.10; State v. Bright, 135 N.C. App. 381, 381–82, 520 S.E.2d 138, 139 (1999). Petitioner was re-sentenced for the instant offense on January 24, 1994, prior to the effective date of the Structured Sentencing Act.

To the extent petitioner contends that he is entitled to belated commencement of the limitation period pursuant to § 2244(d)(1)(C), based upon the United States Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner is not entitled to belated commencement of the limitations period. Petitioner may bring a Blakely/Apprendi claim in a post-conviction action only if the rules announced in Blakely and Apprendi have been made retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 665 (2001). The Supreme Court is the only entity that can make a rule retroactive. Id. at 663. The Supreme Court has not made its rulings in Blakely or Apprendi retroactively applicable to cases on collateral review. See United States v. Fowler, 133 F. App'x 922, 922–23 (4th Cir. 2005) ("[N]either Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (noting that the rule of Apprendi, the predecessor to Blakely, has not been made retroactive to cases on collateral review). Therefore, petitioner may not circumvent the statute of limitations by alleging a Blakely/Apprendi claim.[4]

Petitioner's November 9, 2005, MAR, and subsequent filings, did not operate to toll the running of the statutory period. See 28 U.S.C. § 2244(d)(2) (stating that the running of the limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."); Taylor, 186 F.3d at 560. Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck,

---

[4] The court notes that the later of the two Supreme Court decisions, Blakely, was decided on June 24, 2004. Blakely, 542 U.S. at 296. Even if petitioner could proceed with his Blakely claim, the statute of limitations would have expired on June 24, 2005. See 28 U.S.C. § 2244(d)(1)(C). Thus, the claim would be time barred.

5

230 F.3d 663, 665–66 (4th Cir. 2000); see also, Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271(4th Cir. 2006). As a result, the instant federal habeas petition, which petitioner filed on June 16, 2016, is out of time.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

In this case, petitioner claims he is entitled to equitable tolling because he has a third-grade education, as well as limited reading and writing abilities. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Turner

v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (finding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Thus, petitioner is not entitled to equitable tolling on this ground.

Petitioner also asserts that he is entitled to equitable tolling because North Carolina Prisoner Legal Services ("NCPLS") does not provide inmates assistance with filing federal habeas petitions, the North Carolina Department of Public Safety does not allow other inmates to assist with legal work, and there is no law library. Plaintiff's allegations regarding NCPLS do not constitute extraordinary circumstances because NCPLS attorneys are not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether to provide representation in a matter. Salters v. Butler, No. 5:06–CT–3073–H, 2006 WL 4691237, * 1 (E.D.N.C. Oct. 19, 2006), aff'd, 214 F. App'x 267 (4th Cir. Jan. 24, 2007); see also, Zuniga v. Perry, No. 1:15CV35, 2015 WL 5159299, at *5 (Sept. 2, 2015) ("That NCPLS declines to represent some inmates does not deny prisoners meaningful access to the courts.") (citation omitted). Petitioner's remaining contentions likewise do not constitute exceptional circumstances for the purposes of equitable tolling. See Sosa, 364 F.3d at 512 (stating that ignorance of the law is not a basis for equitable tolling); see also, Garvin v. Eagleton, C.A. No. 8:12–1165–JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."), appeal dismissed, 544 F. App'x 236 (4th Cir. 2013); Jenkins v. Johnson, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary

7

circumstances' to warrant the application of equitable tolling.") (citation omitted). Thus, petitioner is not entitled to equitable tolling on these grounds.

Finally, petitioner asserts that he is entitled to equitable tolling because he has mental health issues. "[I]n order to establish equitable tolling due to mental impairment, a petitioner must make a threshold showing of incompetence and also demonstrate that such incompetence affected his ability to file a timely habeas petition. See Lawrence v. Florida, 549 U.S. 327, (2007); McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008). Here, petitioner failed to show that his mental health issues made it impossible to timely file his habeas petition within the statute of limitations period. Petitioner, additionally, failed to show that he pursued his rights diligently since the expiration of the one year statutory period in 1997. Thus, petitioner is not entitled to equitable tolling on this ground, and the action is time-barred. See Myers v. Allen, 420 F. App'x 924, 927–28 (11th Cir. 2011) (finding that while a mental impairment may "yield a very low bar for what level of diligence is reasonable," a petitioner "still bears the burden of showing he did something" in pursuit of his rights.); see also, Adams v. Watson, No. 7:10-CV-00383, 2010 WL 4065426, at *1 (W.D. Va. Oct. 14, 2010) (finding petitioner's claims of depression and a borderline level of intelligence are insufficient to warrant equitable tolling), appeal dismissed, 415 F. App'x 480 (4th Cir. Mar. 9, 2011); Murphy v. Hall, CV 109–043, 2009 WL 1579494, at * 1 (S.D.Ga. June 4, 2009) (petitioner who presented documentation showing he had been diagnosed with schizoaffective disorder failed to show due diligence because he "provided no details of his efforts to obtain relief, except to state that he has been 'diligent in filing petitions in state and federal court[.]'").

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

9

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 8) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge